UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-990 DMG (JEMx)** | Date | March 21, 2014 |

| | |
|---|---|
| Title | *Carla Balatresi v. Consulate General of Italy in Los Angeles, et al.* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE [Doc. # 12]**

On December 30, 2013, Plaintiff Carla Balatresi filed a Complaint in Los Angeles County Superior Court alleging wrongful termination in violation of public policy, Cal. Gov't Code § 12940 *et seq.* ("FEHA"), and violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("ADEA"), against Defendant Consulate General of Italy in Los Angeles ("the Consulate").[1] [Doc. # 1, at 11-15.] On February 28, 2014, the Consulate removed the action to this Court pursuant to 28 U.S.C. §§ 1330, 1331, and 1603. [Doc. # 1.]

On February 28, 2014, the Consulate filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), (5) & (6) on the grounds that (1) Balatresi failed to substantially comply with the service of process requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603 *et seq.* ("FSIA"); (2) the Consulate is entitled to immunity from suit as none of the FSIA exceptions apply; (3) Balatresi has not alleged that the Consulate is a covered entity under the FEHA and the ADEA; and (4) the Consulate is not a covered entity under the FEHA and the ADEA. [Doc. # 12.] The Consulate also moves to strike under Rule 12(f) Balatresi's requests for a jury trial and for punitive damages. (*Id.*) The motions are currently set for hearing on March 28, 2014.

Pursuant to Local Rule 7-9, Balatresi's opposition to Consulate's motions was due by March 7, 2014, *i.e.*, at least 21 days before the hearing date. Balatresi has not filed an opposition to the motions and the time to do so has now passed.

The FSIA "ordinarily 'provides the exclusive source of subject matter jurisdiction over suits involving foreign states and their instrumentalities,' as 'foreign states are presumed to be immune from the jurisdiction of United States courts unless one of the Act's exceptions to

---

[1] Balatresi erroneously filed her Complaint against the Italian Cultural Institute of Los Angeles, which is a division of the Consulate. [Doc. # 1 ¶ 6.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-990 DMG (JEMx)** | Date | March 21, 2014 |
| Title | *Carla Balatresi v. Consulate General of Italy in Los Angeles, et al.* | Page | 2 of 2 |

immunity applies.'" *Moore v. United Kingdom*, 384 F.3d 1079, 1082 (9th Cir. 2004) (quoting *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 983 n.5 (9th Cir. 2004)). "Subject-matter jurisdiction for claims brought against foreign states under the FSIA is conferred by 28 U.S.C. § 1330(a)." *Id.* Section 1330(a) provides:

> The district courts shall have original jurisdiction . . . of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

"[F]ederal courts have been held to have jurisdiction over foreign states as defendants under the FSIA *only when* that state is not entitled to immunity—that is, when one of the statutory exceptions applies." *Id.* at 1083 (emphasis added); *see also id.* at 1083 n.4 ("[T]he Supreme Court has consistently treated immunity as a jurisdictional bar under the FSIA, so we do the same.").

Thus, if none of the statutory exceptions under the FSIA applies in this case, this Court lacks subject matter jurisdiction over Balatresi's claims.

In light of the foregoing, Balatresi is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Balatresi shall file her written response by no later than **March 31, 2014**. The March 28, 2014 hearing is **VACATED**. The Consulate's motion to dismiss shall be held in abeyance pending Balatresi's response to the Order to Show Cause.

**IT IS SO ORDERED.**